UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ARTHUR DEPONTE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>STOHL, *et al.*,<br><br>　　　　　Defendants. | Case No.: 1:25-cv-00674-JLT-CDB (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT<br><br>(Doc. 12)<br><br>**21-DAY DEADLINE** |

Plaintiff David Arthur DePonte ("Plaintiff") is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983.  On June 4, 2025, this action was transferred from the Sacramento Division to this Court. (Doc. 4).  Defendants have not been served or otherwise appeared in this action.

Pending before the Court is Plaintiff's motion for leave to file a first amended complaint, filed on June 26, 2025. (Doc. 12).  It appears Plaintiff seeks to amend his complaint under Federal Rule of Civil Procedure 15(a) because Plaintiff has determined the names of the Defendants to this action "since the filing of [his original] complaint" and "[t]he Court[] should grant leave freely to amend a complaint." *Id.* at 1-2.

**Governing Authority**

Leave to amend a pleading "is entrusted to the sound discretion of the trial court," *Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996), and "[t]he court should freely give

1  leave when justice so requires," Fed. R. Civ. P. 15(a)(2). In exercising its "discretion, a court must
2  be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on
3  the pleadings or technicalities…. Accordingly, Rule 15's policy of favoring amendments to
4  pleadings should be applied with extreme liberality." *United States v. Webb*, 655 F.2d 977, 979
5  (9th Cir. 1981) (internal quotation marks & citations omitted). "But a district court need not grant
6  leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith;
7  (3) produces an undue delay in litigation; or (4) is futile." *AmerisourceBergen Corp. v. Dialysist*
8  *W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citations omitted).

**Discussion**

Plaintiff's original complaint has not yet been screened by the Court. *See* 28 U.S.C. § 1915A(a). Following review of Plaintiff's motion, the Court finds granting leave to amend would not prejudice the opposing parties. *AmerisourceBergen Corp.*, 465 F.3d at 951. The Court also finds that leave is not sought in bad faith nor would it produce an undue delay in this litigation. *Id.* Finally, the Court cannot find, at least at this point, that granting leave to amend would be futile. *Id.*

Plaintiff is advised that his motion does *not* operate to amend or supplement his original complaint. Rather, an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, any amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Upon review of Plaintiff's motion, the undersigned finds good cause to grant the motion. *See* Local Rule 137(c). The Court shall proceed with screening Plaintiff's operative complaint in due course.

///
///
///
///
///
///

2

**Conclusion and Order**

Accordingly, for the reasons stated above, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion for leave to amend and file a first amended complaint (Doc. 12) is GRANTED;
2. Plaintiff SHALL FILE any first amended complaint **within 21 days** from the date of service of this order; and
3. The Court shall proceed with screening Plaintiff's operative complaint in due course.

IT IS SO ORDERED.

Dated:   **June 27, 2025**                           _____
                                                       UNITED STATES MAGISTRATE JUDGE

3