UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ARTHUR DEPONTE, | Case No.: 1:25-cv-00674-JLT-CDB |
| Plaintiff, | **ORDER STRIKING PLAINTIFF'S FILINGS OF MARCH 23 AND MARCH 24, 2026** |
| v. | (Docs. 21 & 22) |
| STOHL, et al., | |
| Defendants. | |

Plaintiff David Arthur DePonte is appearing pro se and *in forma pauperis* in this civil rights action.

**I.      RELEVANT BACKGROUND**

On March 18, 2026, Plaintiff filed a second amended complaint. (Doc. 17.) The following day, Plaintiff filed a document docketed as "SUPPLEMENT to Second Amended Prisoner Civil Rights Complaint," enclosing three missing pages to his amended complaint. (Doc. 18.)

On March 23, 2026, the Court issued its Second Screening Order Requiring a Response from Plaintiff. (Doc. 20.) More particularly, following analysis (*id*. at 6-15), the Court found Plaintiff's second amended complaint failed to state any cognizable claim against any named defendant (*id*. at 15-16). Plaintiff was ordered to file a third amended complaint curing the deficiencies identified in the order or a notice of voluntary dismissal within 30 days. (*Id*. at 16.)

Also on March 23, 2026, Plaintiff filed a document dated March 18, 2026, and docketed

as "SUPPLEMENT (Exhibit A)," enclosing certain exhibits. (Doc. 21.) On March 24, 2026, Plaintiff filed an untitled document dated March 12, 2026, docketed as "Notice of Willingness to Proceed on Claims." (Doc. 22.)

## II.     DISCUSSION

The Court will strike Plaintiff's submissions filed March 23 and March 24, 2026. First, both submissions are dated prior to the Court's second screening order issued March 23, 2026. (*Cf*. Doc. 20 to Docs. 21 & 22.) Therefore, Plaintiff had not yet received the Court's second screening order. Second, despite Plaintiff's assertions that he was willing to proceed as to certain claims as reflected in his March 24 filing (*see* Doc. 22 at 1), the Court has since determined that Plaintiff failed to allege any cognizable claims against any named defendant in his second amended complaint. Meaning there are presently no cognizable claims upon which to proceed. And because Plaintiff had not yet received the second screening order, the Court will presume Plaintiff does not wish to voluntarily dismiss this action at this time.

As explained in the second screening order, an amended complaint "must be complete in itself without reference to the prior pleading," that once the second amended complaint "was filed, the original pleading and the First Amended Complaint no longer served any function in the case," and that the Court did not "consider reference to prior pleadings, such as notations like '(see Amended Complaint).'" (*Id*.) Further, the Court explained that general assertions of federal or state constitutional violations are insufficient and that because "Plaintiff does not identify what his specific allegations are under each of these Amendments or resulting claims" his general statements were "insufficient to state a cognizable claim." (*Id*. at 7-8.) It expressly found that Plaintiff failed "to state a cognizable claim against any Defendant for violations of the Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States and the First, Fifth, Sixth, Eighth, and Fourteenth Amendments of the California constitution." (*Id*. at 8.) Plaintiff was provided with the relevant legal standards applicable to his claims and an explanation of how each claim was deficient (*id*. at 8-15) and was provided other information for his consideration regarding amendment (*id*. at 15). Ultimately, the Court gave Plaintiff two options: (1) to file a third amended complaint or (2) to file a notice of voluntary dismissal within 30 days. (*Id*. at 15-

2

16.) Plaintiff was not given the option of filing a notice of willingness to proceed on any cognizable claims because the Court found no cognizable claims were alleged in the second amended complaint.

The Court reiterates that, once he receives the second screening order, Plaintiff must file either a third amended complaint, curing the deficiencies identified in the second screening order, or a notice of voluntary dismissal, within 30 days.

Further, Plaintiff is encouraged to review the First Informational Order in Prisoner/Civil Detainee Case issued on June 4, 2025. (*See* Doc. 5.) That order provides that the "first page of every document filed with the Court must contain a caption showing the name(s) of the plaintiff and defendants(s), *the name of the document being filed*, the case number assigned to the action followed by the initials of the District Court Judge and the Magistrate Judge to whom the case is assigned, and the letters 'PC.'" (*Id*. at 2, emphasis added.) Thus, moving forward, Plaintiff should clearly title or name any submission for filing. Plaintiff should note that the "Court will not serve as a repository for evidence," that evidence is properly submitted "in connection with a motion for summary judgment, trial or [when] the Court requests otherwise" and that "a pro se plaintiff need not attach exhibits to his complaint [or amended complaint] to prove the truth of what is said in the complaint [or amended complaint]" because for "screening purposes, facts stated in complaints are accepted as true." (*Id*. at 3.) Significantly too, as noted in that same order, a failure to comply with the Federal Rules of Civil Procedure, this Court's Local Rules, or an order of the Court is "grounds for imposition of sanctions which may include dismissal of the case." (*Id*. at 1.)

Finally, Plaintiff is reminded that any amended complaint supersedes any prior complaint. Therefore, any third amended complaint must be complete in itself without reference to any prior complaint or amended complaint. *See Lacey v. Maricopa Cnty*., 693 F.3d 896, 927 (9th Cir. 2012); *see also* E. D. Cal. Local Rule 220.

### III.   CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** as follows:

1.  Plaintiff's filing of March 23, 2026 (Doc. 21) is **STRICKEN**;

2.  Plaintiff's filing of March 24, 2026 (Doc. 22) is **STRICKEN**; and

3. Plaintiff **SHALL** file either a third amended complaint, curing the deficiencies identified in the second screening order, *or* a notice of voluntary dismissal, **no later than April 22, 2026**.[1]

IT IS SO ORDERED.

Dated:   **March 25, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] 3/23/26 + 30 days = 4/22/26.

4