UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ARTHUR DEPONTE,<br><br>              Plaintiff,<br><br>     v.<br><br>STOHL, et al.,<br><br>              Defendants. | Case No.: 1:25-cv-00674-JLT-CDB<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF**<br><br>(Doc. 25)<br><br><u>14-Day Objection Period</u> |

Plaintiff David Arthur DePonte is appearing pro se and *in forma pauperis* in this civil rights action.

## I.      RELEVANT BACKGROUND

On March 23, 2026, the Court issued its Second Screening Order. (Doc. 20.) The Court determined Plaintiff's second amended complaint failed to state any cognizable claim. (*Id*. at 5-15.) Plaintiff was directed to file either a third amended complaint, curing the deficiencies identified in the order, or a notice of voluntary dismissal within 30 days. (*Id*. at 15-16.)

On April 3, 2026, Plaintiff filed a third amended complaint. (Doc. 24.)

On April 24, 2026, Plaintiff filed a document titled "Motion to stop legal Mail Interference." (Doc. 25.)

//

//

## II.   DISCUSSION

### *Plaintiff's Motion*

Plaintiff states he is "receiving interference with" his legal mail and that "mail from the courts is being put under investigation by ISU and the Warden." (Doc. 25.) Plaintiff states that the withholding of his legal mail is preventing him "from responding to the court order deadlines." (*Id*. at 1.) Plaintiff contends "[s]ome of his legal mail is being opened and read before" he receives it. (*Id*.) Plaintiff asks the Court to "advise the Warden, mailroom and litigations @ Mule Creek State Prison" that any additional interference with his legal mail "will result in penalties for violating federal law." (*Id*. at 1-2.) Plaintiff states that he filed a third amended complaint on March 31, 2026, and does not wish to voluntarily dismiss this action. (*Id*.) He asserts that "CDCR continues to violate" his fundamental right to be free from retaliation. (*Id*.) Separately, Plaintiff states he has "notified the courts of legal mail tampering and an obstruction to his case" and further that he "informed the F.B.I. to do a potential edit on any C.C.P.O.A's or CDCR donations." (*Id*. at 3.)

### *Applicable Legal Standards*

The Court construes Plaintiff's motion to seek injunctive relief. "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc*., 555 U.S. 7, 24 (2008) (citation omitted).

A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party must appear to defend"). The court may not attempt to determine the rights of persons not before it. *See, e.g*., *Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). "When a plaintiff seeks

injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that it have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id*.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 576 U.S. 863, 876 (2015) (quoting *Winter*, 555 U.S. at 20). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act (PLRA), which requires the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

### Analysis

Plaintiff's motion should be denied. First, Plaintiff's motion concerns actions taken by prison officials at Mule Creek State Prison (MCSP). Significantly however, Plaintiff's third amended complaint concerns claims arising at the California Substance Abuse Facility (SATF) in Corcoran, California. (*See* Doc. 24.) Neither MCSP nor its officials are before the Court; this action involves officials employed at SATF. Therefore, this Court does not have jurisdiction over MCSP officials and cannot grant injunctive relief. *Hitchman Coal & Coke Co.*, 245 U.S. at 234-35; *Zepeda*, 753 F.2d at 727; Fed. R. Civ. P. 65(d)(2); *see Hunt v. Matevousian*, 336 F. Supp. 3d 1159, 1171 (E.D. Cal. 2018) ("no defendant has been ordered served, and no defendant has yet

made an appearance. Thus, the Court lacks personal jurisdiction over any prison officials at U.S. Penitentiary Canaan, and it cannot issue an order requiring them to take any action").

Next, Plaintiff does not specifically address the applicable *Winter* factors. In any event, Plaintiff has not met the first *Winter* factor. Plaintiff's third amended complaint is pending screening. It is too early to determine whether Plaintiff is likely to succeed on the merits of his claims. Thus, Plaintiff cannot establish he is likely to succeed on the merits of his claims. *Glossip*, 576 U.S. at 876; *Winter*, 555 U.S. at 20; *see Disney Enterprises, Inc. v. VidAngel, Inc*., 869 F.3d 848, 856 (9th Cir. 2017) (in deciding whether a preliminary injunction should issue, the likelihood of success on the merits is the most important factor for the court to consider).

Concerning the second *Winter* factor, Plaintiff's motion makes an inadequate showing that he is likely to suffer irreparable harm in the absence of preliminary relief. Plaintiff states that "[s]ome" of his legal mail is being interfered with and is affecting his ability to respond to Court imposed deadlines. However, Plaintiff's third amended complaint was timely filed and there are no other deadlines pending in this action. Following receipt of Plaintiff's third amended complaint, the next action will be taken by the Court when it issues its screening order. *Glossip*, 576 U.S. at 876; *Winter*, 555 U.S. at 20.

Lastly, the undersigned finds Plaintiff fails to address or to establish the third and fourth *Winter* factors weigh in favor of injunctive relief. He makes no showing that the balance of equities tips in his favor or that an injunction is in the public interest. Without establishing a likelihood of success on the merits or a credible showing of irreparable harm, the undersigned finds the balance of equities does not tip in Plaintiff's favor, nor does it appear that the injunction Plaintiff seeks is in the public's interest. *Glossip*, 576 U.S. at 876; *Winter*, 555 U.S. at 20.

In sum, Plaintiff is not entitled to the extraordinary relief afforded by a preliminary injunction or temporary restraining order. *Winter*, 555 U.S. at 24.

### III.   CONCLUSION AND RECOMMENDATION

For the reasons given above, the Court **HEREBY RECOMMENDS** that Plaintiff's "Motion to stop legal Mail Interference" (Doc. 25) be **DENIED**.

These Findings and Recommendations will be submitted to the United States District

4

Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **April 30, 2026**

_____
UNITED STATES MAGISTRATE JUDGE