UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DAVID ARTHUR DEPONTE,

Plaintiff,

v.

STOHL, et al.,

Defendants.

Case No.: 1:25-cv-00674-JLT-CDB

**ORDER DENYING PLAINTIFF'S MOTION TO CONSOLIDATE CASES**

(Doc. 33)

Plaintiff David Arthur DePonte is appearing pro se and *in forma pauperis* in this civil rights action.

**I. RELEVANT BACKGROUND**

Plaintiff initiated this action by filing a complaint in the Sacramento division of this Court on May 30, 2025. (*See* Doc. 1.) The action was then transferred to the Fresno division on June 4, 2025. (*See* Doc. 4.)

On June 15, 2026, the undersigned issued Findings and Recommendations after screening Plaintiff's third amended complaint. (Doc. 30.) Therein, the Court concluded Plaintiff stated the following cognizable claims: (1) First Amendment retaliation claim against Defendant Stohl (claim six); (2) First Amendment retaliation claims against Defendants Soares and Gansaga (claim seven); (3) Fourteenth Amendment due process violations against Defendants Stohl and Sterns (claim seven); (4) First Amendment retaliation claim against Defendant Fernandez (claim

eleven); (5) First Amendment retaliation claims against Defendants Fernandez and Reaves (claim thirteen); (6) Eighth Amendment threat to safety claim against Defendant Fernandez (claim fourteen); (7) First Amendment retaliation claim against Defendant Fernandez (claim seventeen); and (8) First Amendment retaliation claim against Defendant Fernandez (claim nineteen). (Doc. 30 at 6-31.) The undersigned recommended this action proceed only on the claims found cognizable and that the remaining claims and defendants be dismissed. (*Id.* at 31-32.)

On July 6, 2026, Plaintiff filed a document titled "Motion Objections to Magistrate Judge's Findings and Recommendations." (Doc. 32.)[1]

On September 4, 2026, Plaintiff filed the pending "Motion to Consolidate Cases." (Doc. 33.)

**II. DISCUSSION**

Plaintiff moves to consolidate the instant action with *DePonte v. Shepard*, case number 2:25-cv-01515-TLN-CKD-P. (Doc. 33 at 1.) He specifically cites to "Local civil rules LCVR 42-1 consolidation." (*Id.* at 1-2.) Plaintiff contends the prison where he is presently housed "is using the same pattern or practice and keeps violating the same constitutional violations of the case being requested to consolidate." (*Id.* at 2.) He states he "files this Motion to Consolidate as a repeated pattern of Constitutional violations from each prison Plaintiff was housed at." (*Id.* at 3.)

Rule 42 of the Federal Rules of Civil Procedures provides that a court may consolidate actions involving "common questions of law or fact." Fed. R. Civ. P. 42(a)(2). "The district court has broad discretion under this rule to consolidate cases pending in the same district." *Investors Research Co. v. United States Dist. Ct. for the Cent. Dist. of Cal.*, 877 F.2d 777 (9th Cir. 1989).

In deciding whether to consolidate actions, the court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." *Huene v. United States*, 743 F.2d 703, 704 (9th Cir. 1984); *Single Chip Sys. Corp. v. Intermec IP Corp.*, 495 F. Supp. 2d 1052, 1057 (S.D. Cal. 2007). And the party seeking consolidation bears the burden of proving consolidation is appropriate. *Single Chip Sys.*, 495 F. Supp.2d at 1057.

---

[1] The Findings and Recommendations, as well as Plaintiff's objections thereto, remain pending determination before the assigned district judge as of the date of preparation of this order.

Thus, the moving party must establish that the judicial economy and convenience associated with the consolidation outweighs any prejudice. *Id*. The "main question" the court must address is whether common questions of law or fact exist between the cases. *Id*. Then, the court must weigh the saving of time and effort consolidation would produce against any inconvenience, delay, or expense it could cause. *Id*.

Here, a review of the complaint in the *DePonte v. Shepard* action, number 2:25-cv-01515-TLN-CKD-P, reveals Plaintiff names 11 defendants employed at Mule Creek State Prison (MCSP), where he is presently incarcerated, in his fourth amended complaint. The events giving rise to his claims began after his transfer to MCSP from SATF. (*See* 2:25-1515, Doc. 23 at 4 ["Upon arrival From c/satf state prison …"].) Plaintiff appears to allege a combination of First Amendment retaliation claims and Fourteenth Amendment due process violations involving confiscation of property and disciplinary proceedings. (*Id*. at 4-5.)

In contrast, the operative, third amended complaint in this case names 15 defendants, all of whom are or were employed at the California Substance Abuse Treatment Facility (SATF). Plaintiff asserted 19 claims for relief in total, spanning a period between October 25, 2023, to September 18, 2024. Following screening, the Court found several First Amendment retaliation claims, an Eighth Amendment threat to safety claim, and a Fourteenth Amendment due process violation were cognizable and should proceed past screening.

Plaintiff's motion to consolidate will be denied. The two cases do not involve similar questions of fact and the same questions of law and consolidating them would not serve the interests of judicial economy. While both cases involve alleged retaliatory actions and due process violations, they lack factual similarity — with events occurring at two different prisons at different times — and are in different stages of the proceedings. In this action, should the assigned district judge adopt the pending Findings and Recommendations issued June 15, 2026, this action would proceed to early Alternative Dispute Resolution and/or discovery, whereas the other action involves an amended complaint that has not yet been screened. Consolidating these two actions would not promote efficiency in case management or discovery. *See, e.g.*, *Mazik v. Kaiser Permanente, Inc.*, No. 2:19-cv-00559-DAD-JDP, 2024 WL 3011214, at *10 (E.D. Cal.

June 14, 2024) (citing *Lexington Ins. Co. v. Scott Homes Multifamily, Inc.*, No. 12-cv-02119-JAT, 2013 WL 4026883, at *2 (D. Ariz. Aug. 7, 2013) (denying a motion to consolidate where "the cases share a common factual background in a general sense" but "the specific facts in both suits are completely different" because "there is unlikely to be a substantial duplication of effort that would be saved if both cases were being heard by one judge")).

Finally, the Court notes Plaintiff's reference to "Local civil rules LCVR 42-1 consolidation" in support of his motion is not persuasive. This Court's Local Rules do not include a "42-1" concerning "consolidation."[2]

In short, Plaintiff did not meet his burden to establish consolidation is appropriate. *Single Chip Sys.*, 495 F. Supp. 2d at 1057. The two actions do not share common questions of fact, nor would consolidating them promote judicial economy. Fed. R. Civ. P. 42(a)(2).

## III. CONCLUSION AND ORDER

Accordingly, for the reasons given above, the Court **HEREBY ORDERS** that Plaintiff's motion to consolidate cases (Doc. 33) is **DENIED**.

IT IS SO ORDERED.

Dated: **September 15, 2026**

UNITED STATES MAGISTRATE JUDGE

[2] *See* https://www.caed.uscourts.gov/caednew/assets/File/EDCA%20LOCAL%20RULES%20EFF_%2002-23-26.pdf, as of 9/14/2026.