UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DAVID ARTHUR DEPONTE,

Plaintiff,

v.

STOHL, et al.,

Defendants.

Case No.: 1:25-cv-00674-JLT-CDB

**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S SECOND MOTION FOR INJUNCTIVE RELIEF**

(Doc. 35)

Plaintiff David Arthur DePonte is appearing pro se and *in forma pauperis* in this civil rights action.

## I. INTRODUCTION

On September 25, 2026, Plaintiff filed a document titled "Motion to enforce Prison to give Plaintiff his legal mail from courts." (Doc. 35.)

## II. DISCUSSION

***Plaintiff's Motion***

Plaintiff states that on September 4, 2026, he filed a motion to consolidate cases[1] and asserts that "the Prisons mailroom is holding [his] legal mail and keeps investigating [his] legal mail from the courts." (Doc. 35 at 1.) Plaintiff asserts that "[p]rison walls do not form a barrier separating prison inmates from the protections of the Constitution, and a court will intervene

[1] The Cour denied Plaintiff's motion to consolidate on September 16, 2026. (Doc. 34.)

when a prison practice offends a fundamental constitutional guarantee." (*Id.*) Plaintiff explains he has filed several "602 complaints" or grievances but interference with his legal mail persists. (*Id.* at 1-2.) He states he "is seeking prospective injunctive relief because [he] is realistically threatened by a repetition of violation." (*Id.* at 2.) Plaintiff asserts this "harm is part of a pattern of officially sanctioned behavior" that violates his federal constitutional rights. (*Id.*) He maintains that his "right to confer with courts has been chilled intentionally" by the withholding of his legal mail at Mule Creek State Prison. (*Id.*) Separately, Plaintiff states he saw the "courts response in Westlaw in the computer and found the Prison was withholding" his mail as a result. He asks the Court "to order the Warden Luis Garnicia … to stop the Mailroom from violating [his] Legal mail rights." (*Id.*)

***Applicable Legal Standards***

The Court construes Plaintiff's motion to seek injunctive relief. "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted).

A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party must appear to defend"). The court may not attempt to determine the rights of persons not before it. *See, e.g.*, *Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234-35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727-28 (9th Cir. 1983). Under Federal Rule of Civil Procedure 65(d)(2), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." Fed. R. Civ. P. 65(d)(2)(A)-(C). "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 576 U.S. 863, 876 (2015) (quoting *Winter*, 555 U.S. at 20). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act ["PLRA"], which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." In cases brought by prisoners involving conditions of confinement, any injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

***Analysis***

Initially, the Court notes Plaintiff previously sought injunctive relief on this same basis: interference with his legal mail. (*See* Doc. 25.) As explained in the Findings and Recommendations issued April 30, 2026, and adopted by the presiding district judge over Plaintiff's objections on May 15, 2026, the Court lacks jurisdiction over officials at Mule Creek State Prison (MCSP) because Plaintiff's operative third amended complaint concerns claims involving officials at the California Substance Abuse Facility (SATF); therefore, the undersigned found the Court did "not have jurisdiction over MCSP officials and cannot grant injunctive relief." (*See* Doc. 27 at 3-4; Doc. 29.)

Plaintiff's second motion should also be denied. As before, Plaintiff's motion concerns actions taken by prison officials and/or mailroom employees at MCSP. As explained in the earlier Findings and Recommendations, the operative complaint concerns Plaintiff's claims against SATF officials. Therefore, this Court does not have jurisdiction over MCSP officials and cannot grant injunctive relief. Fed. R. Civ. P. 65(d)(2); *see Murphy Bros., Inc.*, 526 U.S. at 350; *Hitchman Coal & Coke Co.*, 245 U.S. at 234-35; *Zepeda*, 753 F.2d at 727.

Next, as before (*see* Doc. 27 at 4), Plaintiff has not met the first *Winter* factor. Plaintiff's third amended complaint was screened on June 15, 2026. (*See* Doc. 30.) The undersigned concluded that of the nineteen claims asserted, the following claims survived screening:

- First Amendment retaliation against Defendant Stohl (claim six)
- First Amendment retaliation against Defendants Soares and Gansaga (claim seven)
- Fourteenth Amendment due process violations against Defendants Stohl and Sterns (claim seven)
- First Amendment retaliation against Defendant Fernandez (claim eleven)
- First Amendment retaliation against Defendants Fernandez and Reaves (claim thirteen)
- Eighth Amendment threat to safety against Defendant Fernandez (claim fourteen)
- First Amendment retaliation against Defendant Fernandez (claim seventeen)
- First Amendment retaliation against Defendant Fernandez (claim nineteen)

(Doc. 30 at 31.) Plaintiff filed objections to the Findings and Recommendations (*see* Doc. 32) and a final determination concerning the plausibility of the nineteen claims asserted in Plaintiff's third amended complaint awaits review by the presiding district judge. Therefore, any determination concerning Plaintiff's likelihood of success on the merits of his claims is premature. Hence, Plaintiff cannot establish he is likely to succeed on the merits of his claims. *Glossip*, 576 U.S. at 876; *Winter*, 555 U.S. at 20; *see Disney Enterprises, Inc. v. VidAngel, Inc*., 869 F.3d 848, 856 (9th Cir. 2017) (in deciding whether a preliminary injunction should issue, the likelihood of success on the merits is the most important factor for the court to consider). Notably too, the claims identified as cognizable in the operative third amended complaint do not include a legal mail interference claim. *Pac. Radiation Oncology, LLC*, 810 F.3d at 633 ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction").

Next, concerning the second *Winter* factor, Plaintiff states the MCSP "mailroom is

holding [his] legal mail and keeps investigating [his] legal mail from the courts," that he has filed numerous grievances but the problem persists, that "[he] is realistically threatened by a repetition of violation" and that the "harm is part of a pattern of officially sanctioned behavior" that violates his federal constitutional rights. Even presuming Plaintiff is likely to suffer irreparable harm in the absence of the preliminary relief he seeks, because that relief relates to MCSP officials rather than SATF officials, this factor does not weigh in Plaintiff's favor. *Winter*, 555 U.S. at 20; *Murphy Bros., Inc.*, 526 U.S. at 350; *Hitchman Coal & Coke Co.*, 245 U.S. at 234-35; *Zepeda*, 753 F.2d at 727.

Finally, as before (*see* Doc. 27 at 4), the undersigned finds that Plaintiff fails to address or to establish the third and fourth *Winter* factors. Plaintiff makes no showing that the balance of equities tips in his favor or that an injunction is in the public interest. Without establishing a likelihood of success on the merits, the undersigned finds the balance of equities does not tip in Plaintiff's favor, nor does it appear that the injunction Plaintiff seeks is in the public's interest. *Glossip*, 576 U.S. at 876; *Winter*, 555 U.S. at 20.

In sum, Plaintiff is not entitled to the extraordinary relief afforded by a preliminary injunction or temporary restraining order.[2] Fed. R. Civ. P. 65(d)(2); *Winter*, 555 U.S. at 24.

## III. CONCLUSION AND RECOMMENDATION

For the reasons given above, the Court **HEREBY RECOMMENDS** that Plaintiff's "Motion to enforce Prison to give Plaintiff his legal mail from courts" (Doc. 35) be **DENIED**.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written

---

[2] Mail interference may state a claim upon which relief can be granted. *See, e.g.*, *Turner v. Safley*, 482 U.S. 78, 89 (1987) (a prison may adopt regulations or practices which impinge on a prisoner's First Amendment rights as long as the regulations are "reasonably related to legitimate penological interests"); *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996) ("mail from the courts, as contrasted with mail from a prisoner's lawyer, is not legal mail" and "[a]ll correspondence from a court to a litigant is a public document, which prison personnel could if they want inspect in the court's files"); *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam) (prisoners have "a First Amendment right to send and receive mail"). Plaintiff may wish to assert claims of interference with his mail in a separate suit against MCSP officials and seek injunctive relief in that separate suit. In any event, Plaintiff should carefully review these Findings and Recommendations, in particular, the necessity of proper jurisdiction and the applicability of the *Winter* factors, before filing additional motions for injunctive relief.

objections with the Court. Local Rule 304(b). The document should be captioned, “Objections to Magistrate Judge’s Findings and Recommendations” and shall not exceed 15 pages without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C).

A party’s failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **October 9, 2026**

UNITED STATES MAGISTRATE JUDGE